IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| Philip Hansten<br>3344 Parker Hill Rd,<br>Santa Rosa, CA 95404<br>    Plaintiff,<br><br>  vs.<br><br>Drug Enforcement Administration,<br>8701 Morrissette Drive<br>Springfield, VA 22152<br>    Defendant. | Case No.<br><br>**COMPLAINT** |

1. Plaintiff Philip Hansten, by and through his undersigned attorneys ("Prof. Hansten" or "Plaintiff"), brings this action under the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), for injunctive and other appropriate relief for production of agency records in the possession of the United States Drug Enforcement Administration ("DEA" or "Defendant") in response to requests properly made by Plaintiff.

**PARTIES**

2. Plaintiff Philip Hansten is a Professor Emeritus at the School of Pharmacy at the University of Washington. Prof. Hansten teaches pharmaceutical courses with a specialty in drug interactions at the University of Washington and performs research involving drug interactions. Prof. Hansten has authored multiple books on drug interactions, which have sold over one million copies since 1971. He has lectured widely in North America, Europe, and Asia as well as Latin America and the Middle East. Prof. Hansten was on the Advisory Board and a Contributing Editor to "The Medical Letter" for many years. He is currently working on a federal Agency for Healthcare Research and Quality ("AHRQ") grant involving research on drug interactions. Prof. Hansten was

the plaintiff in a similar FOIA action in which this Court ordered the requested documents be made available to him under FOIA. *Hansten v. DEA,* No. 21-2043, 22 WL 2904151 (D.D.C. July 22, 2022) (Contreros, J.) ("*Hansten I*"). A true and correct copy of decision is attached as Exhibit A hereto. The documents Prof. Hansten requested under FOIA in this action are the same types of documents Prof. Hansten was granted access to in *Hansten I*, but for different dates.

3. Defendant DEA was also the defendant in *Hansten I.* DEA is a federal agency within the United States Department of Justice that has possession and control of records that Plaintiff seeks. The mission of the DEA is to enforce the controlled substance laws and regulations of the United States.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B), which confers jurisdiction upon the District Court for the District of Columbia to enjoin the DEA from withholding agency records and to order the production of DEA records improperly withheld under the FOIA, and 28 U.S.C. § 1331, which confers jurisdiction on United States District Courts to hear cases arising under the federal laws of the United States, including appeals arising under the FOIA.

5. Venue is proper pursuant to 5 U.S.C. § 552(a)(4)(B), which provides the United States District Court for the District of Columbia as a venue for cases arising under an appeal of the DEA's denial of a request under the FOIA.

6. Defendant has failed to meet the statutory deadline set by FOIA. 5 U.S.C. § 552(a)(6)(A)-(E). Plaintiff is therefore deemed to have exhausted all administrative remedies, pursuant to 5 U.S.C. § 552(a)(6)(C).

7.     This Court has the authority to render the injunctive relief requested pursuant to 5 U.S.C. § 552(a)(4)(B).

## FACTS

8.     On January 26, 2022, Plaintiff submitted a FOIA request to the DEA ("First Request") which sought the following records in the custody or control of the DEA: "Records sufficient to show the names, addresses, and business activities of all parties that were issued DEA Form 222s in which the "Date Issued" on the form is 02/11/2011 (February 11, 2021) or 11/01/2012 (November 1, 2021)." (Attached as Exhibit B hereto.)

9.     On February 7, 2022, Plaintiff submitted another FOIA request to the DEA ("Second Request"), which sought the following records in the custody or control of the DEA: "Records sufficient to show the names, addresses, and business activities of all parties that were issued DEA Form 222s in which the "Date Issued" on the form is 08/19/2022 (August 19, 2022)." (Attached as Exhibit C hereto.)

10.    On January 30, 2023, the DEA sent an email reply to the First Request, providing FOIA/PA Request Number of 23-00289-F (attached as Exhibit D hereto). The communication stated in pertinent part: "The records you seek require searches in another office or offices, and so your request falls within 'unusual circumstances.' See 5 U.S.C. § 552(a)(6)(B)(i)-(iii). Because of these unusual circumstances, we are extending the time limit to respond to your request beyond the ten additional days provided by the statute."

11.    On April 25, 2023, the DEA sent an email reply to the Second Request. This reply provided a FOIA/PA Request Number of 23-00343-F (attached as Exhibit E hereto). Like DEA's reply to the First Request, the communication stated in pertinent part: "The records you seek require searches in another office or offices, and so your request falls within 'unusual circumstances.' See

5 U.S.C. § 552(a)(6)(B)(i)-(iii). Because of these unusual circumstances, we are extending the time limit to respond to your request beyond the ten additional days provided by the statute."

12.  No other response to Plaintiff's Requests has been received.

13.  On Information and belief, the information DEA would provide to Plaintiff in response to his First and Second Requests would be identical (except for different dates) to the document DEA ultimately provided to Plaintiff after being ordered to do so by this Court in *Hansten 1*. In response to this Court's order to produce the requested documents under FOIA in *Hansten I,* DEA produced an Excel report that by all appearances was easily accessible from DEA's records. A photocopy of the Excel sheet produced by DEA after the decision in *Hansten I* is attached as Exhibit F hereto.

14.  Thus, the claim by DEA that the delay in responding to Professor Hansten's requests is based on the requirement to "search… in another office or offices" is not credible. More than twenty (20) days have passed since the Requests were submitted and more than ten (10) days have passed since the DEA's reply to the Requests.

15.  Moreover, DEA's claim that its delay in responding to Dr. Hansten's requests result for "unusual circumstances" is unfounded and conflict with the requirements of the FOIA. Dr. Hansten's requests do not fall within the definitions of "unusual circumstances" set forth in FOIA at 5 U.S.C. § 552(a)(6)(B)(iii) that would justify an extension beyond the 10 days extension already claimed by DEA, in that (a) the document requested clearly exists in one place within DEA so there is no "need to search for and collect the requested records from field facilities or other establishments that are separate from the office processing the request" (as provided in 5 U.S.C. § 552(a)(6)(B)(I); (b) the documents requests appear to be existing or easily generated Excel reports so there is no "need to search for, collect, and appropriately examine a voluminous amount of separate and distinct records which are demanded in a single request" (as provided in 5 U.S.C. §

552(a)(6)(B)(II); and (c) the documents are DEA records so there is no "need for consultation, which shall be conducted with all practicable speed, with another agency having a substantial interest in the determination of the request or among two or more components of the agency having substantial subject-matter interest therein" (as provided in 5 U.S.C. § 552(a)(6)(B)(III)). Even if a broader level of consultation was justified in DEA's response to the FOIA request in *Hansten I*, which Plaintiff does not concede, no such elaborate consultation should be required to produce documents similar in every regard but date to the one this Court ordered in *Hansten I* must be produced under FOIA. Thus, DEA's failure to respond substantively to Plaintiff's Requests after over nine months is a clear violation of FOIA.

## VIOLATION OF THE FREEDOM OF INFORMATION ACT

DEA's failure to respond substantively to the Requests in a time far exceeding that required by statute constitutes a constructive denial under the FOIA, from which Plaintiff seeks a review by this Court.

## COUNT I

1. Plaintiff incorporates by reference the allegations set forth in the preceding paragraphs as if fully set forth herein.

2. Defendant is an agency subject to FOIA and must therefore release in response to a FOIA request any records in its possession not exempt from disclosure under FOIA or provide a lawful reason for withholding any other materials as to which it is claiming an exemption.

3. Defendant fails to meet the standard of FOIA Exception 7(E) because the information in the Requests do not disclose how the information contained in the form reveals the law enforcement technique itself. *Hansten I* at *4. Specifically, "Form 222 reveals nothing about

the agency's law enforcement techniques and procedures, and the type of information collected, as well as the fact that it is collected, is already generally known." *Id.*

4. Defendant has failed to meet the statutory deadlines set by FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i), 552(a)(6)(B)(i). Defendant did not make a "determination" within 30 working days for an unusual circumstance because the Defendant did not indicate within the relevant time period the scope of the documents it will produce and the exceptions it will claim with respect to any withheld documents. *See Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 182 (D.C. Cir. 2013). Accordingly, Plaintiff is not required to exhaust his administrative appeal remedies before filing his FOIA suit.

Accordingly, Plaintiff is entitled to an order reviewing the denial of Plaintiff's request and compelling Defendant to produce records responsive to his Requests within 20 days.

## REQUESTED RELIEF

**WHEREFORE**, Plaintiff respectfully prays that this Court enter an order:

1. Declaring that Plaintiff has exhausted his administrative remedies under FOIA and DEA has constructively denied Plaintiff's appropriate requests for documents, thereby wrongfully withholding the requested agency records in violation of the FOIA;

2. Requiring the DEA to diligently undertake an adequate search for the requested records and provide those records within 20 days to Plaintiff or provide an adequate explanation why those documents, or any portion thereof, are exempted from disclosure;

3. Awarding Plaintiff his costs, expenses, and reasonable attorneys' fees incurred in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

4. Granting such other relief as the Court may deem just and proper.

        Respectfully submitted,

        /s/ Daniel C. Schwartz
        Daniel C. Schwartz, D.C. Bar No. 0017749
        daniel.schwartz@bclplaw.com

        Bryan Cave Leighton Paisner, LLP
        1155 F Street, NW
        Washington, DC 20004
        Telephone: (202) 508-6000
        Facsimile: (202) 508-6200

        *Attorneys for Plaintiff Philip Hansten*

November 30, 2023